The Honorable Becky Lynn State Representative 105 South Third Street Heber Springs, AR 72543-3805
Dear Representative Lynn:
This is in response to your request for an opinion on the following questions:
 1. Is it permissible for a non-resident school district to make payments on a per-student basis to a resident school district in lieu of lost revenue for students who live in one district, but attend school in another district?
 2. Is it permissible for parents to enter into an agreement with their school district of residence to reimburse that district, at an agreed upon amount, for a part of potentially lost revenue if the resident district will agree to grant permission for their children to attend another district?
You have not identified the statutory authority for the students' attendance in the non-resident district. Because your questions infer some agreement on the part of the resident district for the student(s) to attend the other district, I will assume that these questions are asked with regard to "transfers" occurring under either A.C.A. § 6-18-307
(Repl. 1993) (petition for transfer to adjoining district where adjoining district has agreed in writing to accept transfer) or A.C.A. § 6-18-316
(Repl. 1993) (petition for transfer and agreement of resident district and receiving district approving transfer).[1] I also assume that the transfer(s) would not be prohibited under A.C.A. § 6-18-317 (Repl. 1993) (involving desegregation-related court orders).
RESPONSE
Question 1 — Is it permissible for a non-resident school district to makepayments on a per-student basis to a resident school district in lieu oflost revenue for students who live in one district, but attend school inanother district?
It is my opinion that the answer to this question is in all likelihood "no."
It seems clear, based upon my review of the above transfer provisions, that such payments are not contemplated under the current statutory scheme. Nor has my research yielded any other specific authority for such payments. Thus, in my opinion, the only potential basis for concluding that this would be permissible emanates from the school board's broad discretion in directing the operation of the district. A.C.A. §6-13-620; Safferstone v. Tucker, 235 Ark. 70, 357 S.W.2d 3 (1962). I am uncertain, however, in light of the current statutory language governing transfers, whether a school board's general powers are sufficient for this purpose. Some explanation is necessary.
The reference in your question to the resident district's "lost revenues" stems, I assume, from the fact that once a transfer is effected, the non-resident district (the "receiving" district) will count the student(s) in its average daily membership for state aid purposes. A.C.A. §§ 6-18-307(c) and 6-18-316(d). This follows, presumably, from the fact that the transfer places the legal responsibility for educating the children on the receiving district. Id. Thus, it may reasonably be surmised, the General Assembly determined that the receiving district should receive the state aid. No local tax money is transferred from the resident district. A.C.A. § 6-18-316(c). (Although § 6-18-307 is silent on this point, I believe it may reasonably be assumed that this is also the case under that transfer provision.) Provision is therefore made under § 6-18-316 for a "tuition agreement" in order for payment to be made, either by the resident district or the parents, to the receiving district to compensate the district for local taxes not received. A.C.A. § 6-18-316(f). No provision is made under § 6-18-307 for such a "tuition agreement."
The statutes thus make no provision for any payment to the resident district. Rather, it seems, the assumption is that the state aid should follow the student because the receiving district will be responsible for educating that child. The current statutory scheme thus appears to contemplate "lost revenue" to the resident district.
Even acknowledging the general broad discretion of the non-resident (receiving) school board, therefore, I find it difficult to conclude that the non-resident district may make payments to the resident district to compensate it for the loss of this state aid. If the statutory scheme is no longer viable due, for instance, to changes in the funding formula, then this is a matter properly addressed to the General Assembly. An attempt by a receiving district to rectify the situation by making payments to the resident district would, I believe, likely be subject to challenge.
Question 2 — Is it permissible for parents to enter into an agreementwith their school district of residence to reimburse that district, at anagreed upon amount, for a part of potentially lost revenue if theresident district will agree to grant permission for their children toattend another district?
It is my opinion that the answer to this question is, similarly, "no." This is simply not contemplated under the existing statutes. The "tuition agreement" authorized under § 6-18-316 (whereby the parents may pay thereceiving district) is specifically limited, moreover, to the average local tax per pupil. See A.C.A. § 6-18-316(f). No other payment by parents is authorized or required.
For reasons similar to those state above, therefore, I must conclude that a resident district cannot receive payment from parents in return for its agreement to transfer a child to another district.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Other provisions addressing students' attendance in districts other than the district of residence do not appear to involve the approval or agreement of the resident district. See A.C.A. § 6-18-203 (Supp. 1997) (involving property located partially in one district and partially in another, and teachers or educational cooperative employees who reside in another district); A.C.A. § 6-18-204 (Repl. 1993) (attendance in another district for educational purposes); A.C.A. § 6-18-205 (Repl. 1993) (continued attendance of those attending nonresident district during 1982-'83 or 1983-'84 school year); A.C.A. § 6-18-206 (Supp. 1997) (Public School Choice Act providing for attendance outside resident district upon approval of nonresident district).